**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered) |
| PCT Litigation Trust,<br><br>      Plaintiff,<br><br>  v.<br><br>Zap Solutions, Inc. d/b/a Strike,<br><br>      Defendant. | Adv. Proc. No. 26-50200 (JKS) |

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

1. This Case Management Plan and Scheduling Order, by and among plaintiff PCT Litigation Trust ("PCT") and defendant Zap Solutions, Inc. d/b/a Strike ("Zap" and, together with PCT, the "Parties"), shall apply in the above-captioned adversary proceeding (the "Adversary Proceeding").

  a. The term "Complaint" as used herein shall mean the complaint filed in this Adversary Proceeding on March 2, 2026 [Adv. Doc. Nos. 1 and 3].

  b. The term "Plaintiff" as used herein shall mean PCT.

  c. The term "Defendant" as used herein shall mean Zap.

  d. The term "Court" shall mean the United States Bankruptcy Court for the District of Delaware.

  e. The Parties have stipulated that Defendant acknowledges service of the (i) sealed and redacted Complaint; (ii) summons; and (iii) notice of dispute resolution alternatives and has agreed to waive any objections to personal jurisdiction and service of process ("Stipulation"). (*See* Adv.

---

[1] The debtors in the Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528) (collectively, the "Debtors"). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

Doc. No. 5.) Defendant reserves all other rights, claims and defenses. (*See id.*)

2. **Pleadings**.

   a. The Parties agreed to extend Defendant's deadline to answer or otherwise respond to the Complaint and a related briefing schedule. *Id.* Defendant's deadline to file and serve an answer or otherwise respond to the Complaint is May 18, 2026; PCT's deadline to file any opposition to any motion Defendant files challenging the Complaint is July 10, 2026; and Defendant's deadline to file a reply is July 31, 2026. (*See* Adv. Doc. No. 5.)

   b. On March 12, 2026, the Court approved the Stipulation containing the Parties agreed upon briefing scheduling. (*See* Adv. Doc. No. 6).

   c. If Zap's motion to dismiss is denied, its answer to the Complaint shall be due 30 days after such denial. If Zap's motion to dismiss is granted, but PCT is granted leave to amend its Complaint, PCT shall have 30 days after such grant to file an amended complaint. Within 14 days after the filing of any amended complaint, the parties shall meet and confer concerning a schedule for responding to the amended complaint and submit a proposed scheduling order to the Court, noting any areas of disagreement. Zap's time to answer, move or otherwise respond to any amended complaint shall be stayed until the Court has entered a scheduling order for responding to the amended complaint.

3. **Discovery**. The following discovery and pretrial schedules shall apply absent further agreement of the Parties or order of the Court.

   a. **Opening of Discovery**. The parties agree that fact discovery shall open on May 4, 2026 (the "Discovery Commencement Date").

   b. **Initial Disclosures**. The Parties agree to serve their initial disclosures required by FRCP 26(a)(1) by no later than June 1, 2026.

   c. **Fact Discovery**.

      i. The Parties may serve document requests pursuant to FRCP 34 (FRBP 7034), interrogatories pursuant to FRCP 33 (FRBP 7033), requests for admissions pursuant to FRCP 36 (FRBP 7036) and other requests for written discovery beginning on or after the Discovery Commencement Date.

      ii. The Parties may serve subpoenas on non-parties pursuant to FRCP 45 (FRBP 9016) beginning on or after the Discovery Commencement Date.

iii. The Parties shall complete their production of documents no later than 180 days after the filing of an answer to the Complaint (or the filing of the last answer to an amended complaint, whichever is later) ("Document Production Deadline").

iv. The Parties shall provide logs of documents withheld or redacted on privilege grounds as productions are completed and, in any event, within 21 days after the Document Production Deadline.

v. Deposition notices shall be served no less than 21 days prior to the deposition date. Plaintiff and Defendant shall each be entitled to take a total of 10 depositions of fact witnesses. The parties shall meet and confer in good faith in an attempt to ensure that depositions are scheduled on dates convenient for the witness and counsel. Additional depositions may be requested by agreement of the Parties or upon motion to the Court on good cause shown.

vi. Fact discovery, including depositions, shall be completed within 90 days after the Document Production Deadline.

d. **Expert Discovery**.

i. Each Party's initial expert disclosures and reports shall be served within 45 days following the close of fact discovery.

ii. Each Party's rebuttal reports in response to the other Party's initial expert reports, if any, shall be served within 45 days following service of the other Party's initial expert reports.

iii. All expert reports must satisfy the requirements of FRCP 26 (FRBP 7026).

iv. Expert discovery, including expert depositions, shall be completed within 150 days after the close of fact discovery.

e. **Duty to Supplement**. Each Party shall supplement its fact and expert discovery responses as required by the FRCP.

4. **Mediation**. No later than one hundred twenty (120) days after Defendant files an answer to the Complaint (or Defendant files the last answer to an amended complaint, whichever is later), the Parties shall file a stipulation regarding the appointment of a mediator unless, prior to that date, the Adversary Proceeding has been dismissed or settled.

5.  **Dispositive Motions**.

    a.  Motions for summary judgment shall be due within 120 days after the close of expert discovery.

    b.  Oppositions to motions for summary judgment, if any, shall be due 45 days after the filing of any motions for summary judgment.

    c.  Replies in support of summary judgment shall be due 30 days after the filing of any oppositions to motions for summary judgment.

6.  **Jurisdiction**. Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendant's rights under Local Rule 9013-1(h).

7.  **Modification.** The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

**Dated: May 8th, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**